UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:14-cr-156-J-32PDB

DONALD BROOMFIELD  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Donald Broomfield is a 44-year-old inmate incarcerated at Jesup FCI, serving a 180-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine and possession of 500 grams or more of cocaine with

---

[1] Defendant submitted a request for compassionate release to the warden of his facility on August 14, 2020 (Doc. 163-2), which the BOP did not deny until November 3, 2020 (Doc. 163-8). Defendant renewed the motion for compassionate release on October 5, 2020 (Doc. 160 at 11), well over 30 days after he submitted the request to the warden. As such, Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. See United States v. Smith, — F. Supp. 3d —, 2020 WL 5106694, at *3–4 (M.D. Fla. Aug. 31, 2020).

intent to distribute. (Doc. 114, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on June 21, 2028. Defendant seeks compassionate release because of the Covid-19 pandemic, because of his facility's allegedly inadequate response to the virus, and because he has hypertension, hyperlipidemia, and obesity. (Doc. 160, Renewed Motion for Compassionate Release).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. According to the Centers for Disease Control (CDC), certain underlying conditions increase the risk of serious illness from Covid-19, while other conditions <u>might</u> increase the risk of serious illness.[2] Obesity falls into the former category and hypertension falls into the latter category. Hyperlipidemia, which Defendant also

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

claims to have, falls into neither category. None of these conditions is extraordinary.

> According to the CDC, 108 million adults in the United States (nearly 45%) have high blood pressure or take medication for the condition. Similarly, as of 2017-2018, 42.4% of American adults suffer from obesity. Assuming federal prisoners experience these conditions at about the same rate as the general population, if either one qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release.

United States v. Hayes, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020) (internal citations and footnotes omitted). Likewise, 95 million adults in the United States have high cholesterol, as measured by cholesterol levels above 200 mg/dL.[3] There is no evidence that any of Defendant's conditions impair his ability to function or that they pose an imminent risk to his health. According to BOP records, Defendant is classified as a Care Level 1 "healthy or simple chronic care" inmate. (Doc. 163-6).

In addition, the BOP has implemented a comprehensive action plan to mitigate the spread of Covid-19. (See Doc. 163, Response at 5–9). Those measures appear to be working at Defendant's facility. According to the BOP's latest data, Jesup FCI reports one inmate positive for coronavirus, 19 staff members positive, 238 inmates recovered, three staff members recovered, and only one inmate death (out of 1,346 total inmates).[4] As a result, Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release.[5]

---

[3]   https://www.cdc.gov/cholesterol/facts.htm.

[4]   https://www.bop.gov/coronavirus/. Last accessed on November 9, 2020.

[5]   The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–

3

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant participated in a conspiracy to traffic large quantities of cocaine from Texas to Jacksonville, Florida. (Doc. 109, Presentence Investigation Report [PSR] at ¶¶ 8–19). Between 2010 and 2014, Defendant was responsible for distributing between 50 and 150 kilograms of cocaine. (Id. at ¶¶ 19, 26). Defendant also played a managerial or supervisory role in the conspiracy. (Id. at ¶ 29). So far, Defendant has served about 62 months of his 180-month term of imprisonment, or 34% of his sentence.[6] According to the BOP, he has over seven years remaining before he is released. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant's Renewed Motion for Compassionate Release (Doc. 160) is **DENIED**.[7] Likewise, Defendant's request for the appointment of counsel is **DENIED**. Defendant has proven capable of presenting his case, but his Motion

---

3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

[6] Defendant spent a brief time in related state custody from August 8, 2014, until August 29, 2014. (Doc. 109 at 1). He was then arrested on September 22, 2014, and released on bond the same day. Defendant remained on pretrial release until he was remanded into custody following the jury verdict on October 6, 2015. (Id.).

[7] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

lacks merit.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of November, 2020.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant